IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHARI J. WALTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-6420 |
| MONTGOMERY COUNTY<br>COMMUNITY COLLEGE, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                              **JANUARY 30, 2025**

      Plaintiff Zhari J. Walton initiated this case on December 2, 2024, by filing a *pro se* Complaint against Montgomery County Community College (the "College") alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), and a state law breach of contract claim. (*See* ECF Nos. 1-2.) Walton alleged that the College inaccurately reported a debt that appears on his credit report despite challenging the validity of the debt. After screening the Complaint under 28 U.S.C. § 1915(e), the Court granted Walton leave to proceed *in forma pauperis*, dismissed the FDCPA claims with prejudice, dismissed the remaining claims without prejudice, and permitted Walton to file an amended complaint. *See Walton v. Montgomery County Community College*, No. 24-6420, 2024 WL 5082328, at *5 (E.D. Pa. Dec. 11, 2024).

      Mr. Walton returned with an Amended Complaint against the College, adding as Defendants Equifax, Experian, TransUnion and ConServe, alleging violations of the FCRA and

FDCPA, and a state law breach of contract claim.  For the following reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

I.     **FACTUAL ALLEGATIONS**[2]

In his Amended Complaint, Walton asserts that at some time before October 23, 2023, there was "inaccurate reporting" on his credit report, despite his "previous attempts to dispute the validity of this debt and request proper validation." (Am. Compl. at 3.)  He alleges that he has not received a "satisfactory response" from the College "or co-defendants despite giving them over one year to respond" and this delay "puts them in default." (*Id*.)  Walton contends that the College "violated the FCRA by not doing due diligence as a furnisher of information before ignorantly dispersing information that was used to harm" him. (*Id.*)  Walton included a notarized Affidavit with his Amended Complaint that further states the College "failed to investigate and correct the inaccurate information on his credit reports, despite being notified" by him. (*Id*. at 9.)  He further alleges that Equifax, Experian, TransUnion, and "ConServe Debt Collection Agency" all played vital roles in the harming" of his credit. (*Id*. at 3.)  Specifically, in his attached Affidavit, Walton states that Equifax, Experian, and TransUnion "violated the FCRA by continuing to include the inaccurate information regarding the College's debt reporting" on his

---

[1] Walton also filed a Motion for Summary Judgment, which is titled "Undisputed Facts." (ECF No. 10.)  The facts he recites are alleged in the Amended Complaint as well.  Because the Amended Complaint will be dismissed on screening, the Motion will be denied as moot.

[2] Walton used a form complaint available to unrepresented litigants to file his amended claims.  (ECF No. 9 at 1-5.)  He also attached exhibits to his Amended Complaint, including a notarized Affidavit and relevant correspondence from ConServe.  (*Id.* at 6-12.)  The Court considers the entirety of his submission to constitute the Amended Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  The factual allegations set forth in this Memorandum are taken from Amended Complaint.  Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

credit report despite his disputes. (*Id*. at 9.) He further states that ConServe "attempted to collect a disputed debt from him without verifying the validity of the debt as required" under the FDCPA. (*Id*. at 9-10.) He also attached a letter that ConServe addressed to him regarding the College's reported debt for "Student Account Balance" that acknowledges ConServe's Office received his "written Identity Theft Claim." (*Id*. at 12.) The letter states that in order to move forward with his claim to the College for review and processing, ConServe needs additional information, including an Identity Theft Form Affidavit and a police report. (*Id*.) Mr. Walton further claims the Defendants are in breach of contract, and he seeks money damages in the amount of $5,981,026.40.[3] (*Id*. at 3-4.)

## II.   STANDARD OF REVIEW

Because Walton is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*,

---

[3] Walton mentions an attached invoice, but did not include an invoice with his Amended Complaint. (*Id.* at 4.)

12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Walton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when a plaintiff is allowed to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

#### A. FCRA Claims against the College

Mr. Walton's claims against the College stems from allegedly providing inaccurate information about a debt that appears on his credit report. (Am. Compl. at 3, 9.) In the Amended Complaint, Walton again attempts to allege that the College violated the FCRA as a furnisher of information because it "failed to investigate and correct the inaccurate information on his credit reports, despite being notified" by him in violation of the FCRA. (*Id.* at 9.) The

Court's prior Memorandum, *inter alia*, found that the allegations in the initial Complaint were not plausible and explained to Walton in detail the pleading standards for a FCRA claim against the College, including the need to identify the account at issue, allege that the furnisher communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information with the credit reporting agency, and that the furnisher of the information failed to reasonably investigate the dispute after having been notified by the credit reporting agency.  See *Walton*, 2024 WL 5082328 at *3 (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019)).  "[U]nder the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information."  *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Walton again asserts in a conclusory manner there was "inaccurate reporting" on his credit report, despite his "previous attempts to dispute the validity of this debt and request proper validation."  (Am. Compl. at 3.)  He does not allege that the College failed to reasonably investigate the dispute *after having been notified by the credit reporting agency* as required in this Circuit.  Although he attaches a letter from ConServe requesting additional information about his identity theft claim, he has not plausibly alleged that after he disputed inaccurate information to a consumer reporting agency, the consumer reporting agency notified the College of the dispute, and that College failed to reasonably investigate the dispute.  See *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his

5

dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Washington v. Freedom Mortg.*, No. 20-09332, 2021 WL 1100637, at *2 (D.N.J. Mar. 23, 2021) (explaining that the duties placed on furnishers of information by § 1681s-2(b) are implicated only "[a]fter receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" (internal quotations and alteration omitted)).[4] Thus, Walton has not pled a plausible FCRA claim against the College.  *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

The lack of any allegation that Walton disputed the allegedly inaccurate information with a credit reporting agency that then notified the College of the dispute, and that the College then failed to investigate and modify the inaccurate information, makes his claim against the College not plausible.  Walton will, however, be granted leave to amend one final time on this claim to allege additional facts if he is able to cure this defect.

        **B.**       **FCRA Claims against Equifax, Experian, and TransUnion**

In the Amended Complaint Walton added new FCRA claims against consumer reporting agencies Equifax, Experian, and TransUnion (collectively, "CRA Defendants").  "Consumer

---

[4] Walton argues this requirement is not necessary based on a case from the Ninth Circuit Court of Appeals.  (Am. Compl. at 9 (citing *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017)).)  However, Ninth Circuit precedent is not binding on this Court, and the law established by cited cases from the Third Circuit Court of Appeals about this requirement is applicable and binding.

agencies, for their part, must strive to 'assure maximum possible accuracy' in credit reports." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting 15 U.S.C. § 1681e(b)). They must follow reasonable procedures to meet this standard when preparing a consumer report. *Id.* at 342. Consistent with these precepts, the FCRA "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d. Cir. 2010) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

 Mr. Walton's Amended Complaint does not indicate which sections of the FCRA he bases his claims on. Even liberally construing the Amended Complaint, Walton has not pled a plausible claim against any of the CRA Defendants under the provisions of the FCRA pertaining to consumer reporting agencies. It appears that Walton seeks to bring claims regarding allegedly inaccurate information that was included in his consumer reports, but the allegations in Walton's Amended Complaint are sparse and conclusory. Walton alleges generally that the CRA Defendants, along with ConServe, "all played vital roles in the harming" of his credit and "violated the FCRA by continuing to include the inaccurate information regarding the College's debt reporting" on his credit report despite his disputes. (Am. Compl. at 3, 9.) Walton has not provided sufficient factual information to support FCRA claims.

Specifically, Mr. Walton has not set forth facts identifying what information in his credit report was inaccurate, why the information was inaccurate, or alleged any facts about when, how and with whom he disputed that information.  *See, e.g., Pressley*, 415 F. Supp. 3d at 513 (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Accordingly, Walton's Amended Complaint fails to allege a plausible claim for relief against the CRA Defendants at this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano,* 832 F. App'x at 120 (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim).  The Court will grant Walton leave to amend his FCRA claims against the CRA Defendants to "flesh out his allegations by . . . explaining in a[] [second] amended complaint the 'who, what, where, when and why' of his claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any second amended complaint should clearly describe the factual basis for any FCRA claims.

        C.        **FDCPA Claims against ConServe**

As the Court explained to Walton in its previous Memorandum, to state a claim under the FDCPA, a plaintiff must establish that (1) he "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *See Walton*, 2024 WL 5082328 at *4 (quoting *Moyer v. Patenaude & Felix,*

*A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citations omitted)).  A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  "Debt" for purposes of the FDCPA is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  *Id.* § 1692a(5).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.* § 1692a(6).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Assuming for purposes of statutory screening that there is a valid debt in question and ConServe is a debt collector attempting to collect that debt as defined under the statute, the Court cannot discern what provision of the FDCPA Mr. Walton alleges that ConServe violated.  Among other things, the FDCPA prevents debt collectors from engaging in harassing, oppressive or abusive conduct to collect a debt, § 1692d, making false, deceptive, or misleading representations in connection with debt collection, § 1692e, and using "unfair or unconscionable means" to collect a debt, § 1692f.  Walton's Amended Complaint offers only a bare, conclusory allegation that Conserve "attempted to collect a disputed debt from him without verifying the validity of the debt as required."  (Am. Compl. at 9-10.)

9

It is possible that Mr. Walton is attempting to assert that ConServe violated § 1692g(b) of the FDCPA.  Relevant here, § 1692g(a) requires a debt collector to send a notice with certain information about the debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of [that] debt" unless that information is already contained in the initial communication.  15 U.S.C. § 1692g(a); *see also, Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 62 (3d Cir. 2015) ("Section 1692g(a) explicitly identifies the information that a debt collector must include in a debt collection letter, such as the amount of the debt, the name of the creditor to whom the debt is owed, and the procedures available to the consumer should he dispute the validity of the debt.").  "Section 1692g(a) further requires that the written notice inform the debtor that, if [he] 'notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt' and mail it to the debtor."  *Deutsch v. D&A Servs. LLC*, No. 22-1042, 2023 WL 2987568, at *1 (3d Cir. Apr. 18, 2023) (quoting 15 U.S.C. § 1692g(a)(4)).  "Section 1692g(b) guarantees that, if a consumer invokes [his] § 1692g(a) right to request information about a debt, and the consumer invokes this right in writing and within the thirty-day period prescribed by statute, a debt collector must 'cease collection of the debt' until it has provided the requested information to the debtor."  *Id.*

Mr. Walton's allegation that ConServe attempted to collect a disputed debt "from him without verifying the validity of the debt as required," *see* Am. Compl. at 9-10, does not support a plausible violation of Section 1692g(b).  Walton attached a letter that ConServe sent to him regarding the College's reported debt for "Student Account Balance" that acknowledges its Office received his "written Identity Theft Claim."  (*Id.* at 12.)  The letter states that in order to forward his claim to the College for review and processing, ConServe required additional

10

information, including an Identity Theft Form Affidavit and a police report. (*Id*.) No further information is provided by Walton regarding if he received further correspondence from ConServe, or if he responded with the information ConServe requested to move forward on his dispute. More importantly, the Amended Complaint does not allege any information about any initial communication from ConServe prior to making his identity theft claim, that Walton submitted his dispute letter in the appropriate time period under the statute, or describe any efforts that ConServe has made to collect the debt in question.

Accordingly, Mr. Walton has not alleged a violation of Section 1692g(b). *See Tauro v. Asset Acceptance*, No. 12-00418, 2012 WL 2359954, at *3 (W.D. Pa. June 20, 2012) (dismissing claim as implausible because "[t]he Plaintiff does not allege that, nor does he aver facts to suggest that, the Defendants provided (or failed to provide) either an initial communication or validation notice containing the information required by law. In order to state a valid FDCPA claim, the Plaintiff must do so."). Because Walton has failed to allege facts that plausibly demonstrate that ConServe has violated any provision of the FDCPA in attempting to collect a debt, the FDCPA claim is also dismissed without prejudice.

### D. Breach of Contract Claim

The Court understands Mr. Walton to also allege a state law breach of contract claim. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Court explained in its prior Memorandum that Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *See Walton*, 2024 WL 5082328, at *5 (quoting *Lincoln Ben. Life Co.*, 800 F.3d at 104 (internal citations and footnotes omitted)).

Mr. Walton does not allege the state citizenship of the parties. Rather, he provides a California address for Experian, a Georgia address for Equifax, and Pennsylvania addresses for himself, the College, and TransUnion, *see* Am. Compl. at 1-2, which suggests that he and at least two of the defendants may be Pennsylvania citizens. He does not provide any address for ConServe, let alone an allegation of its state citizenship. Accordingly, Walton has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.   CONCLUSION

For the reasons stated above, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Walton's Motion for Summary Judgment will be denied as moot. Walton will be provided one final opportunity to file a Second Amended Complaint if he is capable of curing the defects the Court has identified.

An Order providing additional instructions on amendment will be entered.

                                                **BY THE COURT:**

                                                /s/ Gerald Austin McHugh
                                                _____
                                                **GERALD A. MCHUGH, J.**